CASE 68.—PROCEEDINGS BY THE COMMONWEALTH BY THE
    AUDITOR'S AGENT TO ASSESS A BANK DEPOSIT
    AS OMITTED PROPERTY.—October 9.

## Commonwealth, by, etc., v. Wathen

Appeal from Marion Circuit Court.

I. H. THURMAN, Circuit Judge.

From a judgment dismissing the proceedings the
Commonwealth appeals—Reversed.

Taxation—Bank Deposits.—While a bank may credit a customer's
    deposit on his overdue paper held by the bank, the money
    belongs to the customer, and is subject to his checks until
    the bank exercises this right; and, until this is actually done,
    the money is taxable in the depositor's hands as if he owed
    nothing to the bank.

JOSEPH SOLINGER for the Commonwealth.

J. P. THOMPSON for appellee.

OPINION OF THE COURT BY JUDGE BARKER—Revers-
ing.

This is a proceeding, commenced by the auditor's
agent, to assess as omitted property certain amounts
of money belonging to appellee and alleged to have
been on deposit to his credit in the Farmers' National
Bank of Marion on assessment day in the years 1901,
1902, 1903, 1904, and 1905, respectively. The evidence
shows, without contradiction, that appellee had on
deposit to his credit on the 1st day of September,
1904, the sum of $2,169, and on the 1st day of Sep-

tember, 1905, the sum of $1,044; that this money was not returned by the appellee for assessment, and it was not assessed for the years named, either as his property or the property of the bank; that, at the time this money was on deposit to the credit of the appellee, the bank held his notes, due on demand, for sums aggregating much more than the amount of the deposit. Upon these facts being made to appear, the court below dismissed the proceedings, for the reason, it is said in the briefs, that the bank had the right to credit the notes by the amount of the deposit, and therefore the money was to be considered as belonging to the bank, and not to the depositor. The soundness of this ruling is the question for adjudication.

The Constitution requires all property in this State not specifically exempted from taxation to be assessed at its fair cash value. It is conceded that the property in question is not exempt from taxation by the terms of section 170 of the Constitution. Therefore it must be assessed, by the terms of section 172, against either the appellee or the bank. It is admitted that it has not, for the years involved here, been assessed as the property of either. In the case of Deposit Bank of Owensboro v. Daviess County, etc., 102 Ky. 214, 19 Ky. Law Rep. 248, 39 S. W. 1041, 44 L. R. A. 825, on the subject of taxation of deposits as the property of the bank, it was said: "The banks are not required to pay tax on the money deposited with them by their customers, or on assets which represent it. Owing to the particular character of the business which they conduct, they are quasi trustees of their depositors, and under the law the depositors are required to pay the tax on the money so deposited." This language was cited with ap-

proval in the case of Commonwealth v. Bank of Commerce, 118 Ky. 547, 26 Ky. Law Rep. 407, 81 S. W. 679. The question as to whether deposits should be taxed against the banks or the depositors is so thoroughly considered and settled in these cases that it is not necessary to rediscuss the principle here.

But it is insisted that, because the bank held the depositors' notes for more than the amount of the deposit, and could, if that course had seemed desirable, have credited the notes with the amount of the deposit, and thus absorbed it, therefore the deposit should not be considered the property of the depositor. Admitting, as we do, the proposition that banks may credit any money on deposit belonging to their debtors on any overdue paper of the debtors held by them, the corollary sought to be drawn from this principle by appellee is not fairly deducible from the premises. In the first place, the notes held by the bank were not due. The evidence shows they were due on demand, and no demand seems to have been made. The deposit could not have been credited on paper not then due. But we do not rest this case upon so narrow a principle as the difference between a note already due and one which is due on demand, although there is a plain distinction between them. Therefore, passing this proposition, we are of opinion that, while a bank has a right to credit the deposit of its customer on any overdue paper of the customer which it holds, the money belongs to the customer, and is subject to his checks until the bank exercises this right; and until this is actually done the money belongs to the depositor for fiscal purposes, and is taxable in his hands just as if he owed nothing to the bank. If this be not sound, then it must follow that the deposit, although not exempted from taxation,

was not taxable at all, although the Constitution required it to be taxed. It would be property which, for fiscal purposes, belonged to nobody. Such a conclusion cannot be tenable. The bank had not exercised its right to credit the deposit on the notes of the appellee, and it necessarily follows, from what we have said before, that it was assessable as the property of appellee on the 1st day of September in the years 1904 and 1905.

For the reasons indicated, the judgment is reversed, for further proceedings consistent herewith.